**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     LAUREEN M. HENDERSON | ) | Case No. 11-15777-BFK |
| | ) | Chapter 7 |
|         Debtor | ) | |
| | ) | |
| DONALD F. KING, TRUSTEE | ) | |
| | ) | |
|         Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01596 |
| | ) | |
| GREGORY ALLEN HENDERSON | ) | |
| | ) | |
|         Defendant | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendant Gregory Allen Henderson (Docket No. 6). The Plaintiff filed the Complaint on October 20, 2011, and seeks for the Defendant to turn over, as property of the estate, $45,379.23 in spousal support pursuant to 11 U.S.C. §§ 541(a)(1) and 542. There being no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that money judgment in the amount of $45,379.23 be entered for the Plaintiff.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). However, because the Plaintiff, through his motion, seeks to augment the bankruptcy estate by the entry of a money judgment, the Court will enter a

Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Plaintiff's Motion for Default Judgment

According to the allegations of the Complaint, on October 11, 1996, Defendant Gregory Allen Henderson, the Debtor's former spouse, was ordered to pay the Debtor spousal support of $275.00 per month pursuant to a Pendente Lite Order and Payroll Deduction entered by the Circuit Court of Prince William County, Virginia. The Debtor filed a voluntary chapter 7 petition on August 4, 2011. Pursuant to the Debtor's bankruptcy schedules, the Defendant currently owes past due spousal support of $45,379.23. On September 19, 2011, the Plaintiff sent the Defendant a demand letter requesting that the Defendant turn the spousal support over to the bankruptcy estate pursuant to 11 U.S.C. §§ 541(a)(1) and 542. To date, the Defendant has not provided the Plaintiff with the funds.

On October 20, 2011, the Plaintiff filed this adversary proceeding to recover the funds. On October 21, 2011, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendant to file an Answer no later than November 21, 2011. Docket No. 3. The Summons was properly served on the Defendant via first class mail on October 26, 2011, pursuant to Fed.R.Bankr.P. 7004(b)(9). Docket No. 5. On December 12, 2001, the Plaintiff filed the present Motion for Default Judgment, which seeks a $45,379.23 money judgment against the Defendant. Docket No. 6. In accordance with 50 USC App § 521, the Plaintiff attached to the motion an Affidavit stating that the Defendant is not in the military, and therefore not entitled to relief under the Servicemembers' Civil Relief Act. *Id.*

On January 10, 2012, the Court held a hearing on the Plaintiff's Motion for Default Judgment. The Plaintiff was present by counsel. The Defendant failed to appear at the hearing. Pursuant to Fed.R.Bankr.P. 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Fed.R.Bankr.P. 7012. The Court further finds that the amount sought is for a sum certain. Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $45,379.23 be entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $45,379.23 be ENTERED for the Plaintiff. The Court will issue an Order making the foregoing recommendation to the District Court.


Date: _____
Brian F. Kenney
United States Bankruptcy Judge

Copies to:

James W. Reynolds, Esquire
Odin, Feldman & Pittleman
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
Counsel for the Plaintiff

Gregory Allen Henderson
12403 Weldon Manor Lane
Upper Marlboro, MD 20772
Defendant *pro se*